IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,

                                        ORDER

    v.

                                     14-cr-3-wmc-2

THOMAS KUSSMAUL,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Thomas Kussmaul's supervised release was held on November 20, 2014, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Peter M. Jarosz. The defendant was present in person and by counsel Robert Ruth. Also present was Senior U. S. Probation Officer Traci L. Jacobs.

## FACTS

From the record, I make the following findings of fact. The defendant was sentenced by Judge Adelman in this district on May 20, 2014, following his conviction for distribution of morphine in violation of 21 U.S.C. § 841. This offense is a Class C felony. Despite facing an original guideline sentence ranging from 10 to 16 months, and an adjusted range of 2 to 8 months, the defendant was committed to the custody of the Bureau of Prisons for a term of imprisonment of time served, with a three-year term of supervised release to follow. He began his term of supervised release on May 20, 2014. This case was reassigned to me on November 14, 2014.

The defendant violated the Special Condition which requires him to spend up to 180 in a residential reentry center (RRC), as approved by the supervising probation officer, and the

Special Condition that requires that he abstain from the use of illegal drugs and association with drug users and sellers and participate in substance abuse treatment. Specifically, on July 17, 2014, he was discharged for unsuccessful completion from his RRC placement at Fahrman Center after he obtained the same prescription for Seroquel, an atypical antipsychotic sometime prescribed for bipolar disorder and known under the generic name Quetiapine, from two separate doctors; repeatedly returned late to the Fahrman Center; went to unauthorized locations; and drank alcohol. His RRC placement was transferred to the work release program at the Eau Claire County Jail, where he remained until September 24, 2014, when he was readmitted to Fahrman Center. On October 7, 2014, Mr. Kussmaul admitted to snorting heroin in the bathroom at Fahrman Center on either October 4 or October 5, 2014, and was unsuccessfully discharged a second time.

The defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release, or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Although the defendant's conduct is deeply concerning, the court will not revoke at this time. Accordingly, defendant's three-year term of supervised release imposed on the defendant on May 20, 2014, will be continued with the additional special conditions that: (1) he remain in strict compliance with all terms and conditions of that release as previously imposed; (2) he undergo a complete psychiatric evaluation and comply with all treatment recommendations, including strict compliance with prescribed medicines; and (3) any contact, direct or indirect, in person or via other technology with Mr. Venglish.

ORDER

IT IS ORDERED that the period of supervised release imposed on the defendant on May 20, 2014, is CONTINUED.  All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of the following three special conditions:

Special Condition:   "Spend 120 days in a residential reentry center, to include as appropriate placement in the work release program at the Eau Claire County Jail.   Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules.  Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence.  Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

Special Condition:   "Defendant shall undergo a complete psychiatric evaluation and comply with all treatment recommendations, including strict compliance with prescribed medicines."

Special Conditions:  "Defendant shall have no contact with his co-defendant Brent Venglish.  Any contact, direct or indirect, in person or via other technology with Mr. Venglish."

Entered this 20th day of November 2014.

BY THE COURT:

William M. Conley
U.S. District Judge